IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,249-01






EX PARTE SANTIAGO JUAN RIVERA, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2005-774-C2A IN THE 54TH JUDICIAL DISTRICT COURT


FROM MCLENNAN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated sexual assault of a child and sentenced to thirty years' imprisonment on one count, and
sixty years' imprisonment on the other count. The Tenth Court of Appeals affirmed his conviction.
Rivera v. State, No. 10-06-00059-CR (Tex. App. - Waco, July 5, 2007, pet. ref'd). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to object when the prosecutor bolstered the credibility of the State's witness during
closing arguments. He also contends that his counsel failed to call an available witness to testify on
Applicant's behalf; Applicant's ex-wife, JoAnn Villanueva, was available and would have testified
that the outcry witness in this case told her before trial that the charges against Applicant were
fabricated. However, despite being aware of Ms. Villanueva's proposed testimony, counsel did not
call her to testify. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the prosecutor's closing arguments
regarding the truthfulness of Don Marshall were objectionable as unsworn testimony intended to
bolster the credibility of a witness. If the arguments were objectionable, the trial court shall make
findings as to why counsel did not object. The trial court shall make findings as to: 1) whether Ms.
Villanueva had contacted defense counsel, as Appellant has asserted; 2) if she had, the substance
of the testimony Ms. Villanueva would have given had she been called to testify. If her testimony
would have been relevant and admissible, the trial court shall make findings as to why counsel did
not call her to testify at Applicant's trial. The trial court shall make findings as to whether the
performance of Applicant's trial attorney was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: August 19, 2009

Do not publish